UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LENA LASHER,

    Plaintiff,

v.

BRIANNE EFREMOFF, Compliance Director,
GARY MINER, Compliance Director,
OREGON STATE BOARD OF PHARMACY,

    Defendants.

Case No. 3:18-cv-00525-MC

ORDER OF DISMISSAL

MCSHANE, District Judge:

Plaintiff, an inmate formerly incarcerated at a Federal Correctional Institution in Connecticut, files suit under 42 U.S.C. § 1983 and moves to proceed in forma pauperis. However, plaintiff's complaint is deficient and must be dismissed.

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must

1   - ORDER

construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that on May 19, 2015, defendants (collectively, the Board) violated her civil rights when they "forced" her to sign a Consent Order and to voluntarily surrender her pharmacist license. Plaintiff argues that the Board threatened to revoke her pharmacist license based on her "wrongful" criminal conviction for the unlawful dispensation of medications and forced her to sign the Consent Order under duress. Compl. at 1-2. Plaintiff also alleges that the Board improperly denied her a hearing to disprove the allegations against her and presumably regain her pharmacist license. *Id.* at 4.

Plaintiff fails to state a cause of action. Any due process claim arising from the Board's allegedly "coercive" conduct in May 2015 is barred by the applicable two-year statute of limitations because the events in question occurred more than two years before plaintiff filed suit. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (a district court may dismiss a case on timeliness grounds even if the issue is not raised in a motion before the court).

Further, any claim arising from the denial of a hearing before the Board is barred, because plaintiff's claims implicate the validity of her underlying criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule bars a § 1983 claim challenging a conviction or sentence unless that conviction or sentence has been invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Id.* at 486-87. More specifically, "a state prisoner's § 1983

action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff's complaint makes clear that she seeks to challenge the revocation of her pharmacist license by challenging the basis of her criminal conviction. Accordingly, success in this action necessarily would implicate the validity of her conviction, and her claims are barred by *Heck*.

The deficiencies in plaintiff's complaint cannot be cured, and this action is DISMISSED. IT IS SO ORDERED.

DATED this  14th   day of May, 2018.

                                              s/Michael J. McShane
                                              Michael McShane
                                              United States District Judge